UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROYAL CONSUMER PRODUCTS LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>ESSENDANT CO.,<br><br>        Defendant. | Case No. 3:25-cv-2168 |

## COMPLAINT

Plaintiff Royal Consumer Products LLC ("RCP" or "Plaintiff"), by its undersigned counsel, Meister Seelig & Fein PLLC, for its Complaint against Defendant Essendant Co. ("Essendant" or "Defendant"), alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff RCP is a Delaware limited liability company headquartered at 108 Main Street, Norwalk, Connecticut 06851.

2. RCP's sole member is Mafcote, Inc. ("Mafcote").

3. Mafcote is a Delaware corporation headquartered in Norwalk, Connecticut.

4. Mafcote is a citizen of Delaware and a citizen of Connecticut for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

5. Therefore, RCP is a citizen of Delaware and a citizen of Connecticut for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

6. Defendant Essendant is an Illinois corporation, headquartered at Corporate Headquarters, Onwe Parkway North Boulevard, Deerfield, Illinois 60015.

7. Therefore, Essendant is a citizen of Illinois for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

8. Pursuant to 28 U.S.C. § 1332, the Court has subject matter jurisdiction over this action because there is complete diversity of citizenship and there is more than $75,000.00 in dispute in this action.

9. Essendant is registered to do business in the State of Connecticut, and Essendant has appointed Corporation Service Company, Goodwin Square, 225 Asylum Street, 20th Floor, Hartford, Connecticut 06103 as its agent in Connecticut for service of process.

10. The Court has personal jurisdiction over Essendant because Essendant can be served with process in Connecticut and has expressly consented to such service.

11. The Court has personal jurisdiction over Essendant because Essendant entered into a contract in Connecticut, and this action arises out of and relates to Essendant's breach of that contract.

12. The Court has personal jurisdiction over Essendant because Essendant breached the contract that is at issue in this action by failing to make the required payments in Connecticut.

13. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions at issue in this action occurred or were to have occurred in this District.

14. In the alternative, venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(3) because Defendant is subject to personal jurisdiction in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

15. RCP is a manufacturer and distributor of paper products, including, without limitation, geographics and stationary, poster board, foam board, project board, doilies, shelf rolls, and banner rolls.

16. Defendant Essendant is a redistributor of office products and supplies, including, without limitation, paper products manufactured and/or distributed by RCP.

17. In or about 2020, RCP and Essendant entered into a vendor agreement which was subsequently amended and extended several times on annual basis (as amended and extended, the "Vendor Agreement").

18. RCP and Essendant entered into the contract in Connecticut where RCP is headquartered.

19. Pursuant to the Vendor Agreement, RCP agreed to ship, and Essendant agreed to pay RCP for, various paper products including geographics stationary (the "RCP Products").

20. Pursuant to the Vendor Agreement, RCP agreed to provide Essendant with certain rebates, which reduced the net purchase price for the RCP Products.

21. Since May 2025, RCP shipped to Essendant $181,373.39 worth of RCP Products.

22. Since May 2025, Essendant accepted the $181,373.39 worth of RCP Products shipped to Essendant by RCP.

23. Pursuant to the Vendor Agreement, Essendant is entitled to rebates totaling $13,757.57.

24. Thus, pursuant to the Vendor Agreement and based on RCP's shipments to Essendant since May 2025, Essendant owes RCP the net purchase price of $167,615.82.

25. Essendant's payment of $167,615.82 was due to RCP in Connecticut where RCP is headquartered.

26. RCP has fulfilled all of its obligations under the Vendor Agreement, including, but limited to, by shipping the RCP Products to Essendant and applying the rebates in accordance with the Vendor Agreement.

27. Essendant has failed and refused to pay RCP the entirety of the net purchase price for the RCP Products, totaling $167,615.82.

28. Essendant is in breach of the Vendor Agreement.

29. As a direct result of Essendant's breach of the Vendor Agreement, Essendant has damaged RCP in an amount to be determined at trial or on summary judgment but presently believed to be no less than $167,615.82.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

30. Plaintiff incorporates and realleges all of the foregoing allegations in paragraphs 1 through 29 of the Complaint as if fully restated and repeated herein.

31. The Vendor Agreement is a binding contract between RCP and Essendant.

32. RCP has fulfilled all of its obligations under the Vendor Agreement, including, but limited to, by shipping the RCP Products to Essendant and applying the rebates in accordance with the Vendor Agreement.

33. Essendant has failed and refused to pay RCP the entirety of the net purchase price for the RCP Products, totaling $167,615.82.

34. Essendant is in breach of the Vendor Agreement.

35. As a direct result of Essendant's breach of the Vendor Agreement, Essendant has damaged RCP in an amount to be determined at trial or on summary judgment but presently believed to be no less than $167,615.82.

## SECOND CAUSE OF ACTION

### (Account Stated)

36. Plaintiff incorporates and realleges all of the foregoing allegations in paragraphs 1 through 35 of the Complaint as if fully restated and repeated herein.

37. RCP regularly delivered invoices to Essendant in accordance with the Vendor Agreement.

38. Essendant never objected to or otherwise contested the invoices RCP delivered to Essendant in accordance with the Vendor Agreement.

39. To the contrary, Essendant has admitted in writing to owing RCP no less than $159,000.00.

40. Essendant is indebted to RCP for the full amount of the invoices based on an account stated.

41. Essendant owes RCP an amount to be determined at trial or on summary judgment but presently believed to be no less than $167,615.82.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against the Defendants as follows:

I. A money judgment in favor of Plaintiff and against Defendant for breach of contract;

II. A money judgment in favor of Plaintiff and against Defendant for account stated;

  III. An award of costs and disbursements in favor of Plaintiff for its enforcement of the Vendor Agreement against Defendant;

  IV. Interest at the rate of ten percent (10%) in accordance with Connecticut law, including Connecticut General Statutes § 37-3a(a); and

  V. Such other and further relief in Plaintiff's favor as the Court deems just and proper.

Dated: Norwalk, Connecticut
December 29, 2025

        **PLAINTIFF ROYAL CONSUMER PRODUCTS LLC**

        By: */s/ Christopher J. Major*
          Christopher J. Major
          Meister Seelig & Fein PLLC
          383 Main Avenue
          Suite 450
          Norwalk, Connecticut 06851
          Email: cjm@msf-law.com
          Tel: (203) 348-4244

          *Attorneys for Plaintiff*